Smith, C. J., dissenting.
This action is to recover damages sustained by plaintiff from the bite of a dog, which he alleges the defendant harbored upon her premises. Ever since May 1,1872, the defendant has been the owner in fee of a lot of land on the corner of Albany and Herkimer street, in this city, upon which is a two-story brick dwelling house and a barn. The defendant is the wife of George M. Cole, and they and their family of eight children have resided on said premises for the last twelve years, the husband paying all expenses of supporting and maintaining the family. He was engaged in the lumber business, and kept a span of horses in the barn on said premises, and was the owner of a large Newfoundland dog, which, in October, 1884, and for nearly two years before that time, was kept on the *723 premises. The plaintiff was a letter carrier, employed by" the United States, ■ and in October, 1884, in the course o£ his duty, went upon the premises to deliver a letter, and' while there was bitten by the dog.
The defendant’s counsel, upon the foregoing facts being proved, asked the court to direct the jury to find a verdict for her on the ground that the defendant’s husband was the owner of and harbored the dog, and not the defendant, and that, therefore, the husband alone was liable for the injury for which the action was brought. The court refused, and held that, on the foregoing facts, the defendant was hable to the plaintiff for the reason that she harbored the dog on her premises, and that the other elements of the action being proved, the case was submitted on the foregoing rulings to the jury, who found a verdict for the plaintiff.
Though the defendant was the owner of the house and premises where plaintiff suffered the injury complained of, and so far as questions affecting the title, ownership and possession of the property is concerned, may legally be termed the occupant thereof, yet the plaintiff’s right of action is not to be determined by, and does not depend upon, the ownership or occupancy of those premises. The only ground upon which the court held that the action could be maintained against the defendant, is that she harbored the dog on her premises. She was not the owner of the dog, but her husband was, and the only fair inference from the facts proved is, that he brought the dog upon the premises and kept him there. The defendant had no power to prevent his doing so, and she cannot therefore be said to have even consented to or acquiesced in her husband’s acts as owner of the dog. The husband was the head of the family, and as such, for all domestic purposes, had the control as master of the house and premises. He supported and maintained the family, and had the right to determine what domestic animals should be kept for their use, convenience or pleasure, upon the place where they resided. The dog is a domestic animal, and whether kept for the protection and service of the family or only as a household pet—the friend and playmate of the children—it is for the head and master of the family, the husband, and for him alone, to determine whether a dog shall be kept and maintained in the family or not. The same is true as to all other domestic animals. A cow, a horse, swine and fowls, and all other animals kept for domestic use or purposes, are to be kept upon the premises where the family reside, if the head of the family shall choose to do so. He alone is liable for the expenses attending their care and maintenance.
The wife could not be made hable for any such expenses, *724 because she was the owner of the house where her husband lived and kept animals, owned by himself. He could bring such animals upon the premises for the use and service of himself and his family, and neither his wife, nor any other person, could prevent his doing so, or could remove them from the premises against his will. As the head of the family, the husband is responsible not only for the domestic order and good conduct of his household, but for all the details and incidents attending the management and control of his homestead. If he, his children or servants, or any of his household, keep upon the premises a domestic animal which does an injury to a third person for which an action will he, he, and he alone, is liable in such an action, and he is hable because he is the person responsible for the control and management of his homestead. The same rule exists as to servants and employees. The master of the family— the husband—determines how many, and what, servants shah be employed, and what duties they shah perform in his household. He, and he only, is hable for their wages or cbmpensation, and for any injury done to others by their fault or neghgence. I think no one would contend that the wife could be made hable for the wages of servants employed by her husband in his family, or for wrongs to others occasioned by the neghgences of such servants, because the title of the house and lot where the family lived was vested in her; yet the principle is the same in respect to servants, as in this case.
The theory upon which family government, with all its manifold blessings and its vast influences, rest, is that the husband has both the authority and the responsibility of the master and head of the family. And it is well said by an eminent writer (Archdeacon Raley) that such authority has more actual influence upon the well-being of society, than all civil authority put together.
The cases which the plaintiff’s counsel cites from the reports, are those in which questions were to be determined affecting the title and ownership of real estate vested in married women. Such was the case of Martin v. Rector (4 N. E. Rep., 183). It was an action of ejectment from premises, the title of which was in the defendant, who was a married woman, and lived with her husband upon the land.
The court held that the action was not properly brought against the husband, she being in contemplation of law the “actual occupant” of the premises within the meaning of the statute requiring the action of ejectment to be brought against the “actual occupant ” of the land. In the absence of. any evidence that the wife the owner of the premises, had transferred the possession thereof to her husband, the *725 court held that possession was in her as such owner, the possession following the title. But this action was not brought to determine any question as to the ownership or title of the premises upon which the plaintiff was injured. It is an action for a personal injury inflicted upon the plaintiff by a domestic animal, and the question is who owned and controlled the animal, and is responsible for its vicious acts. And its decision depends not on the ownership of the premises where the injury occurred, but upon other facts and principles.
The changes made by our statute law in respect to the property, and the property rights and liabilities of married women, have not changed the common law as to the status of the wife in the family, nor deprived the husband of his rights, nor relieved him of his responsibilities, as the single head of the family, directing, controlling and governing its domestic life. And in cases like this the rule of the common law still prevails, which makes the husband and him alone hable for the injury.
The judgment appealed from must be reversed, and as, upon the conceded facts in the case, a new trial cannot benefit the plaintiff, his complaint should be dismissed and final judgment rendered for the defendant, with costs of the action and of the appeal.